## Hueskamp Bros. v. Van Leuven et al.

1. **Garnishment: practice: setting aside default.** The setting aside of a default against a garnishee held proper, under the showing made.

2. ———: **liability of garnishee.** A garnishee cannot be held liable because of an indebtedness on a written lease, payable to another than the defendant, though it is shown that the leased property is in fact owned by the defendant.

### Appeal from Polk Circuit Court.

### Thursday, October 20.

The plaintiffs obtained a judgment against the defendant Mrs. J. A. Van Leuven, for the sum of $409.38. Afterward they caused an execution to be issued, and garnished the defendant W. M. Jones. He made default and judgment was taken against him for $345.64. Afterward Jones appeared and filed an answer setting up certain matters in excuse of his default and denying all indebtedness. There was a trial by the court. The default was set aside and Jones was discharged as garnishee. The plaintiffs appeal.

*Bryan & Bryan*, for appellants.

*Jones & Blair*, for appellee.

Adams, Ch. J.—I. The plaintiffs claim that the court erred in setting aside the default.

The answer of Jones shows that he appeared in court in response to his summons as garnishee and was ready to answer, but by an arrangement with the attorneys for the plaintiffs the taking of his answer was deferred; that he accordingly went away, and in his absence he was defaulted. If the facts set out in the answer were sufficiently established it appears to us that there was no abuse of discretion in setting aside the default. But

*1. Garnishment: practice: setting aside default.*

the plaintiffs insist that the facts set out in the answer were not established.

The answer appears to have been supported by an affidavit. At all events we find in the abstract, which was made by the plaintiffs, at the bottom of the copy of the answer the word "verified." This word we take to be the word of the abstractor, and was used by way of admission that the answer was sworn to, and so used to save the labor of setting out a copy of the jurat. Now while the plaintiffs filed a replication, which also appears to have been sworn to, they did not deny the facts relied upon to excuse the default. They merely denied the sufficiency of the excuse. It appears to us, therefore, that the facts were sufficiently established.

II. The answer denied all indebtedness to the judgment debtor, and Jones in his testimony upon the stand denied all indebtedness to her. By way of controverting the answer and the testimony the plaintiff introduced in evidence a lease wherein Jones bound himself to pay certain rent to the judgment debtor's husband, one B. F. Van Leuven. They then introduced B. F. Van Leuven as a witness, who testified that the premises leased by him to Jones were in fact the property of his wife. Upon this evidence the plaintiffs claim that the rent of the premises was due to her notwithstanding she was in no way a party to the lease.

The evidence shows that Jones entered under the lease and had the use of the premises. In an action brought for the rent by his lessor he could not have escaped liability to him by disputing his lessor's title. Nor do we think that he was liable to Mrs. J. A. Van Leuven also. She suffered him to hold possession under the lease during the period of the tenancy, and, as the evidence shows, with knowledge of the fact of the lease. The plaintiffs, indeed, do not claim that Jones was liable for rent except under the lease; but under that he was liable to nobody but his lessor. If the premises really belonged to Mrs. Van Leuven, possibly her creditors

by an action in equity, to which both B. F. Van Leuven and Jones should be made parties, might reach this rent. But in an action at law it is not for her nor her creditors to recover it and leave Jones still liable to his lessor.

We ought perhaps to say in this connection that the plaintiffs introduced in evidence a writing signed by both B. F. and J. A. Van Leuven, in which they agree that Jones shall pay the rent due and to become due under the lease to the plaintiff. It may be thought that this constitutes a virtual assignment of the rent to the plaintiff by the lessor.

If the plaintiffs have become the assignees of Jones' lessor they are doubtless entitled to recover as such all the rent which would otherwise be due from Jones to his lessor. But they cannot recover in this action. The only question presented in this action is as to whether Jones can be charged as debtor of Mrs. Van Leuven, who is the judgment debtor in the action.

The court below held that he could not, and we think that the judgment must be

AFFIRMED.